UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SAMVEL NERSISYAN,                                                              Docket No.: 12-cv-4329 (FB)(JO)

                              Plaintiff,              **THIRD-PARTY COMPLAINT**

          - against -

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------------------X
UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

                          Third-Party Plaintiff,

          - against -

DEITSCH REALTY CORP., GOOGLA HOME
DECOR, LLC, FURNITURE WORKROOM NY INC.,
and FURNITURE WORKROOM CORP.,

                          Third-Party Defendants.
-----------------------------------------------------------------------X

Defendant/Third-party plaintiff United National Specialty Insurance Company ("United National") by and through its attorneys, Miranda Sambursky Slone Sklarin Verveniotis, LLP, complaining of third-party defendants Deitsch Realty Corp., Googla Home Decor, LLC, Furniture Workroom NY Inc. and Furniture Workroom Corp., alleges upon information and belief, as follows:

## THE PARTIES

1.      Upon information and belief, at all times hereinafter mentioned, plaintiff Samvel Nersisyan was and still is a New York citizen who resides in the State of New York.

2. At all relevant times, defendant/third-party plaintiff United National was and is a North Dakota corporation domiciled in the State of Pennsylvania.

3. Upon information and belief, at all times hereinafter mentioned, third-party defendant Deitsch Realty Corp. ("Deitsch") was and still is a New York Domestic Corporation duly organized and existing pursuant to the laws of the State of New York, and a New York citizen with its principal place of business located 5101 First Avenue, Brooklyn, New York 11232.

4. Upon information and belief, third-party defendant Googla Home Décor, LLC ("Googla") was and still is a New York Domestic Corporation duly organized and existing pursuant to the laws of the State of New York, and a New York citizen with its principal place of business located at 5726 First Avenue, Brooklyn, New York 11220.

5. Upon information and belief, at all times hereinafter mentioned, third-party defendant Furniture Workroom NY Inc. ("Furniture Inc.") was a New York Domestic Corporation duly organized and existing pursuant to the laws of the State of New York, and a New York citizen with its principal place of business located at 174 Broadway, Suite 603, Brooklyn, New York 11211.

6. Upon information and belief, at all times hereinafter mentioned, third-party defendant Furniture Workroom Corp. ("Furniture Corp.") was and still is a New York Domestic Corporation duly organized and existing pursuant to the laws of the State of New York, and a New York citizen with its principal place of business located at 2726 Albemarle Road, Brooklyn, New York 11226.

## JURISDICTION

7. This Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a), in that serious bodily injuries are asserted in the underlying action filed in the Supreme Court of the State of New York, County of Queens, captioned as <u>Samvel Nersisyan v. Deitsch Realty Corp., Googla Home Décor LLC., Furniture Workroom NY Inc. and Furniture Workroom Corp.</u>, under Index Number 21784/06 (the "Underlying Action"), and this coverage action arises from the Underlying Action.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the claim arose in this district.

9. A controversy exists between the parties as to the coverage afforded under a policy of insurance issued by United National to third-party defendant Deitsch, as well as the provisions of said policy in that plaintiff Nersisyan seeks enforcement of an unsatisfied $504,049.17 portion of a judgment entered in the Underlying Action in the sum of $754,000 from United National, arising out of injuries Nersisyan allegedly sustained on or about September 22, 2005.

10. Circumstances exist that justify the determination by this Court, pursuant to 28 U.S.C. § 2201, of the rights and obligations of the parties as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiffs and defendants.

11. Defendant/third-party plaintiff United National has no adequate remedy at law.

## AS AND FOR A FIRST CAUSE OF ACTION

12. Defendant/Third-party plaintiff United National repeats and realleges each and every allegation contained in the complaint numbered "1" through "11" as if fully set forth at length herein.

13. On December 6, 2004, United National issued Commercial Insurance Policy Number L7188782 to third-party defendant Deitsch for the policy period of December 6, 2004 to December 6, 2005 (the "United National policy").

14. Coverage for the claims asserted in plaintiff Nersisyan's Complaint under the United National policy issued to third-party defendant Deitsch was properly denied to Deitsch, plaintiff Nersisyan, Googla, Furniture Inc. and Furniture Corp. with respect to Nersisyan's claim arising out of the Underlying Action by virtue of Deitsch's and Nersisyan's breach of the United National policy's notice condition precedent to coverage.

15. The United National policy contains the following condition precedent to coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

Duties In The Event Of Occurrence, Offense, Claim or Suit

    a. You must see to it that we are notified as soon as practicable of an "occurrence' or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

4

      b.    If a claim is made or "suit" is brought against any insured, you must:

           (1)    Immediately record the specifics of the claim or "suit" and the date received; and

           (2)    Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

16. The provisions in the United National policy outlined above required the insured, third-party defendant Deitsch, to provide notice to the defendant insurer "as soon as possible" of any and all occurrences, claims and lawsuits.

17. Deitsch failed to provide timely notice to United National as to the occurrence, claim and lawsuit set forth in the Underlying Action.

18. Plaintiff Nersisyan similarly failed to provide timely notice to the defendant insurer as to the occurrence, claim and lawsuit set forth in the Underlying Action.

19. Deitsch was aware of the "occurrence" alleged in the Underlying Action on the day it occurred, but failed to provide timely notice to United National as to the occurrence, claim and lawsuit set forth in the Underlying Action.

20. Plaintiff Nersisyan was similarly aware of the "occurrence" alleged in the Underlying Action on the day it occurred, but failed to provide timely notice to the defendant insurer as to the occurrence, claim and lawsuit set forth in the Underlying Action.

21. Deitsch was served with the Summons and Complaint in the Underlying Action on or about August 7, 2006, but failed to timely notify United National of Nersisyan's alleged accident, claim or "suit".

22. Plaintiff Nersisyan was aware that Deitsch and/or the insured was/were served with the Summons and Complaint in the Underlying Action on or about August 7, 2006, but failed to timely notify United National of the claim or "suit".

23. United National was not provided with timely notice of the occurrence, claim and lawsuit set forth in the Underlying Action.

24. United National was prejudiced by the lack of timely notice of the occurrence, claim and lawsuit set forth in the Underlying Action.

25. No notice of Nersisyan's alleged accident, claim and suit was provided to United National until Nersisyan's counsel forwarded two letters regarding same dated April 8, 2011 and April 14, 2011 to United National.

26. United National timely and properly investigated the matter, and issued a disclaimer of coverage by correspondence dated May 3, 2011.

27. Accordingly, United National is entitled to a declaration that it has no obligation to defend or indemnify Nersisyan, Deitsch, Googla, Furniture Inc. or Furniture Corp. as to any and all claims, actions, and lawsuits arising out of or pertaining to the relevant occurrence, including the Underlying Action.

**WHEREFORE,** defendant/third-party plaintiff United National hereby requests judgment dismissing plaintiff's complaint and denying all relief requested therein, and declaring that United National has no obligation to indemnify plaintiff Nersisyan or third-party defendants Deitsch, Googla, Furniture Inc. or Furniture Corp. with respect to Nersisyan's claim giving rise to the Underlying Action, or provide coverage or reimbursement to Nersisyan, or any other party as to any and all claims arising out of or pertaining to the Underlying Action, together with the

costs, disbursements and attorneys' fees for this action, and any other relief that this Court may deem appropriate.

Dated: Mineola, New York
November 13, 2012

>MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS, LLP
Attorneys for Defendant/Third-Party Plaintiff
UNITED NATIONAL SPECIALTY
INSURANCE COMPANY
>
>By: _____
Steven Verveniotis (SV-8800)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 11-121