UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

| | |
|---|---|
| ARMINE VARDANYAN, as the administrator of the Estate of Samvel Nersisyan, | **MEMORANDUM AND ORDER**<br>12-CV-4329 (FB) (JO) |
| Plaintiff, | |
| -against- | |
| United National Specialty Insurance Company, | |
| Defendant. | |

-----------------------------------------------------x

*Appearances:*

| | |
|---|---|
| *For the Plaintiff:*<br>SOUREN AVETICK ISRAELYAN<br>39 Broadway, Ste. 950<br>New York, NY 10016 | *For Defendant*<br>STEVEN VERVENIOTIS<br>HOD MEIR HELLMAN<br>ROBERT E. B. HEWITT, III<br>Miranda Sambursky Slone Sklarin<br>Verveniotis LLP<br>240 Mineola Boulevard<br>Mineola, NY 11501 |

**BLOCK, Senior District Judge:**

      The estate of Samvel Nersisyan ("Nersisyan") seeks to recover the remainder of a judgment obtained against Deitsch Realty Corp. ("Deitsch") from Deitsch's insurer, United National Specialty Insurance Co. ("United"). The parties each filed motions for summary judgment. For the reasons that follow, United's motion is granted and

Nersisyan's motion is denied.

I

The following facts are undisputed.

On September 22, 2005, Nersisyan was injured while performing construction work at 57-26 First Avenue in Brooklyn. He commenced a tort action in Kings County Supreme Court against Deitsch and others for the injuries he sustained. After several unsuccessful attempts to serve Deitsch, Nersisyan effected service through New York's Secretary of State. Deitsch still did not respond, and a default judgment was entered against it in February 2007. Nersisyan's case against one other defendant proceeded to trial in September 2010, in which a jury found in Nersisyan's favor. The trial court entered a final judgment of $757,049.17 against Deitsch and the other defendants jointly and severally.

Subsequently, Deitsch appeared and filed a motion to vacate the default judgment. Included in the motion was an exhibit demonstrating that Deitsch carried a liability insurance policy from United. Upon learning this information, Nersisyan's counsel promptly notified United of the underlying proceedings.

Deitsch and Nersisyan then entered into a settlement agreement in which Deitsch paid $250,000 to fully satisfy the judgment as to it. The agreement stated that both parties retained their rights to "seek satisfaction for the remainder of the Judgment, including indemnity," from United. Ptf's Exh. 30 ¶ 8. Nersisyan then commenced an action

pursuant to New York Insurance Law § 3420 against United for the difference between the original judgment and the settlement, $504,049.17. United removed the case to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

## II

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As a federal court sitting in diversity, the Court must apply New York state substantive law to the parties' dispute. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

United argues it is entitled to summary judgment for two reasons: (1) United's coverage of the accident was vitiated because it was not timely notified of the accident and Nersisyan did not act with reasonable diligence to preserve his rights under § 3420, and (2) the settlement agreement between Nersisyan and Deitsch fully satisfied the judgment as to Deitsch such that Nersisyan cannot maintain an action against United, Deitsch's insurer. Although there are likely genuine factual issues related to Nersisyan's diligence in attempting to notify United of the action, based on the settlement agreement, United is entitled to judgment as a matter of law.

## III

At common law, an injured party had no right to sue a defendant's insurer directly. As a result, judgments against insolvent tortfeasors remained unsatisfied even when a tortfeasor had coverage under an insurance policy. *See Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 353-54 (2004). The New York legislature remedied this injustice in 1917 by creating a limited statutory cause of action. Now codified at New York Insurance Law § 3420(a)(2), the statute requires insurance policies to contain a provision granting an injured party the right to directly sue the insurer if a judgment against the insured remains unsatisfied for thirty days. N.Y. Ins. Law § 3420(a)(2);[1] *Lang*, 3 N.Y. 3d at 354-55.

This direct cause of action against the insurer is available to the injured party only so long as the judgment against the insured remains unsatisfied. Chief Judge Cardozo described the rights under the statute of an injured claimant with a judgment against an insolvent, but insured, tortfeasor: "'[T]he effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been

---

[1] Because the insurance policy at issue here was entered into in December 2004, the version of § 3420(a)(2) in effect at that time is applicable to this action. It provides in full:

> A provision that in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract. N.Y. Ins. Law § 3420 (2002).

satisfied. The cause of action is no less but also it is no greater.'" *Id.* (quoting *Coleman v. New Amsterdam Cas. Co.*, 247 N.Y. 271, 275 (1928)). In other words, when an insured fails to pay a judgment, the injured has the right to seek the unsatisfied amount owed by the insured from the insurer. Conversely, if the insured fulfills its obligations to the claimant, the claimant is made whole and may not seek further recovery from the insurer regardless of the insured's rights to indemnity from the insurer. The statute does not treat the insurer as a joint tortfeasor jointly and severally liable for the full amount of the judgment.

Nersisyan was originally entitled to recover $757,049.17 from Deitsch and the other defendants jointly and severally. Nersisyan agreed, however, when facing Deitsch's motion to vacate the default judgment, to accept a payment of $250,000 in exchange for an entry "of full and complete Satisfaction" of the judgment as to Deitsch. Ptf's Exh. 30.

Despite extinguishing Deitsch's obligation, the settlement agreement attempts to maintain a right of recovery against United by stating: "This settlement does not in any way affect the parties' rights to pursue their claims to seek satisfaction for the remainder of the Judgment, including indemnity and contribution claims against the insurance carrier of [Deitsch], to wit, United National Specialty Insurance Company." Ptf's Exh. 30 ¶ 8. But Nersisyan's right to recover from United under § 3420 is limited by the "terms of the policy." N.Y. Ins. Law § 3420(a)(2) (2002). The insurance policy limited United's exposure to "those sums that [Deitsch] becomes legally obligated to pay as damages."

5

Ptf's Exh. 24. The settlement agreement reduced Deitsch's legal obligation to Nersisyan to $250,000. Accordingly, United's possible obligation to Nersisyan under § 3420 was also limited to $250,000. Deitsch's payment of the settlement amount to Nersisyan extinguished its legal obligations to Nersisyan, and with it, any right Nersisyan had to recover against United. To permit otherwise would allow Nersisyan to use § 3420 to recover beyond what Deitsch could theoretically recover in an action "seeking indemnity and reimbursement after the judgment had been satisfied." *Lang*, 3 N.Y. 3d at 355 (quoting *Coleman*, 247 N.Y. at 275 (Cardozo, C.J.)).

## IV

For the foregoing reasons, United's motion for summary judgment is granted and Nersisyan's cross-motion is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 21, 2015